# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT POWELL, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | 20 C 6383 | |
| ) | | |
| ILLINOIS DEPARTMENT OF ) | Judge Charles P. Kocoras | |
| CORRECTIONS, ) | | |
| ) | | |
| Defendant. ) | | |

## ORDER

Before the Court is Defendant Illinois Department of Corrections' ("IDOC") Motion to Dismiss Plaintiff Robert Powell's ("Powell") Complaint under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants-in-part and denies-in-part the Motion.

## STATEMENT

For the purposes of this motion, the Court accepts as true the following facts from the Complaint. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). All reasonable inferences are drawn in Powell's favor. *League of Women Voters of Chi. v. City of Chicago*, 757 F.3d 722, 724 (7th Cir. 2014).

In March 2016, Plaintiff Powell suffered progressive cervical myelopathy with progressive quadriparesis, which required a cervical laminectomy. As a result, Powell

was substantially limited in his ability to walk, stand, and care for himself and was medically prescribed a walker and wheelchair.

Beginning in May 2016, Powell was detained by Defendant IDOC at Pickneyville Correctional Center ("Pickneyville"). While at Pickneyville, IDOC allegedly confiscated Powell's walker. Powell says that his disability was obvious and that IDOC knew or should have known that the walker was necessary to help with his disability. In February 2019, Powell was transferred to Dixon Correctional Center ("Dixon"). Powell alleges that he was placed in a general population cell that was not compliant with the Americans with Disabilities Act ("ADA") even though such cells were available at Dixon.

On February 23, 2019, Powell was forced to walk from his cell to the medical unit without his walker in order to pick up his prescriptions. On his way there, Powell slipped on an "unnatural accumulation of ice." As a result, Powell alleges he suffered a brain aneurysm and a cervical spine fracture. Powell says he did not receive surgical treatment for the cervical spine fracture until over seven months after the incident.

Based on these facts, Powell filed a four-count Complaint alleging: that IDOC was deliberately indifferent to his serious medical needs under 42 U.S.C. § 1983 for failing to provide the necessary treatment after the February 2019 incident (Count I); that IDOC failed to accommodate his disabilities under the ADA and the Rehabilitation Act (Counts II and II); and premises liability under Illinois law (Count IV). IDOC now moves to dismiss Powell's Complaint, arguing that the Eleventh Amendment bars

Powell's claims and that Powell has failed to state a claim under either the ADA or the Rehabilitation Act.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to raise its right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A claim must be facially plausible, meaning that the pleadings must "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678. With this framework in mind, we address IDOC's arguments in turn.

## I. Eleventh Amendment Immunity

IDOC first argues that Powell's claims are barred by the Eleventh Amendment, which generally bars suits for money damages against a state or state agency. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits against state officials seeking prospective equitable relief; (2) suits directly against a state if Congress has abrogated the state's immunity from suit; (3) suits directly against a state if the state waived its sovereign immunity and consented to suit in federal court. *Nuñez v. Ind. Dept. of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016).

In Count I, Powell sues an agency of Illinois directly for money damages. None of the three exceptions apply to Count I—Powell does not seek prospective equitable relief, Illinois has not consented to suit, and Congress did not abrogate the states' immunity through the enactment of Section 1983. *See Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748–79 (7th Cir. 2005) ("The Supreme Court has expressly held that Congress has not abrogated the states' immunity in [Section] 1983 suits."). Accordingly, Count I is dismissed.

However, Congress explicitly abrogated the states' Eleventh Amendment immunity through the passage of the ADA and Rehabilitation Act. 42 U.S.C. § 12202 ("A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in [a] Federal or State court of competent jurisdiction for a violation of this chapter."); 42 U.S.C. § 2000d-7 ("A State shall not be immune under

4

the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973…"); *Reed v. Illinois*, 2019 WL 118492, at *6 (N.D. Ill. 2019) (noting that the ADA and Rehabilitation Act explicitly abrogated the states' immunity). The Supreme Court in *United States v. Georgia* confirmed that Title II of the ADA abrogated the states' Eleventh Amendment immunity for ADA claims that also violate the Eighth Amendment's prohibition of cruel and unusual punishment. 546 U.S. 151, 158–59 (2006). Similarly, the Seventh Circuit in *Stanley v. Litscher* confirmed that states waived their Eleventh Amendment immunity under the Rehabilitation Act as a condition of the receipt of federal funds. 213 F.3d 340, 344 (7th Cir. 2000). Therefore, the Eleventh Amendment does not bar either Counts II or III.

Finally, with respect to Count IV, IDOC correctly asserts that the Eleventh Amendment bars the claim.[1] The Seventh Circuit in *Brooks v. Ross* held that the "Illinois State Lawsuit Immunity Act stipulates that tort suits against the State must be pursued in the Illinois Court of Claims" and "leave[s] intact sovereign immunity for state-law claims pursued in federal court." 578 F.3d 574, 579 (7th Cir. 2009).

Therefore, the Eleventh Amendment bars Counts I and IV.

---

[1] Powell does not appear to have responded to this argument. As a result, he has waived his arguments. *United States v. Barr*, 960 F.3d 906, 916 (7th Cir. 2020) ("undeveloped, unsupported argument[s] [are] waived").

## II. Failure to State a Claim

IDOC next argues that Powell fails to state a claim under the ADA and Rehabilitation Act. The ADA and Rehabilitation Act are coextensive and are analyzed under the same standards. *Foley v. City of Lafayette, Ind.*, 359 F.3d 925, 928 (7th Cir. 2004). To state a claim under the statutes, Powell must allege: "(1) [that] he is a qualified person (2) with a disability and (3) the Department of Corrections denied him access to a program or activity because of his disability." *Jaros*, 684 F.3d at 672.

IDOC specifically argues that Powell does not sufficiently allege that his impairments substantially limit his major life activities. Under the statutes, a "disability" is "a physical or mental impairment that substantially limits one or more of the major life activities of an individual." *Homeyer v. Stanley Tulchin Assocs., Inc.*, 91 F.3d 959, 961 (7th Cir. 1996) (cleaned up). "Major life activities" are "functions, such as *caring for oneself*, performing manual tasks, *walking*, seeing, hearing, speaking, breathing, learning, and working." *Id.* (emphasis added). Further, "'[s]ubstantially limits' means that the person is either unable to perform a major life function or is 'significantly restricted as to the condition, manner or duration' under which the individual can perform a particular major life function, as compared to the average person in the general population." *Id.*

Here, Powell alleges that he suffered from severe medical issues that required surgery. Powell's condition limits his ability to walk, stand, and care for himself and requires the use of a wheelchair or walker. The Seventh Circuit has recognized these

6

activities as "major life activities." *See id.* However, the Seventh Circuit noted that the question of whether an impairment "substantially limits" one or more major life activities "is a factual determination" and "is therefore not the type of finding that is generally appropriately made on a motion to dismiss." *Id.* at 962. For purposes of this motion, Powell sufficiently alleges that his major life activities were substantially limited—he needed a walker to help him walk and stand.

IDOC also argues that Powell does not allege that IDOC intentionally denied him access to a program or activity based on his disability. The Seventh Circuit has held that allegations of deliberate indifference are sufficient to meet the intentional discrimination requirement. *See Lacy v. Cook Cnty., Ill.*, 897 F.3d 847, 863 (7th Cir. 2018). Deliberate indifference requires "(1) knowledge that a harm to a federally protected right is substantially likely, and (2) a failure to act upon that likelihood." *Id.* (cleaned up). "A plaintiff can satisfy the knowledge element by showing that he alerted the public entity to his need for accommodation or [that] the need for accommodation is obvious or required by statute or regulation." *Reyes v. Dart*, 2019 WL 1897096, at *9 (N.D. Ill. 2019) (cleaned up).

Here, Powell alleges that his condition was "evident and obvious" and that the IDOC knew or should have known of his condition and necessary accommodations. Powell further alleges that, despite this knowledge, the IDOC confiscated his walker and placed him in a general population cell instead of one of the available cells that

7

could accommodate his disabilities. Therefore, Powell sufficiently alleges that the IDOC intentionally denied him access to a program or activity based on his disability.

Finally, IDOC argues that compensatory damages under the ADA are not available to Powell. However, compensatory damages are available because Powell has alleged intentional discrimination under the ADA. *See Phipps v. Sheriff of Cook Cnty.*, 681 F. Supp. 2d 899, 920 (N.D. Ill. 2009) (noting the availability of compensatory damages for claims of intentional discrimination under the ADA). Accordingly, the motion to dismiss the ADA and Rehabilitation Act claims is denied.

## **CONCLUSION**

For the reasons mentioned above, the Court grants-in-part and denies-in-part IDOC's motion to dismiss. Counts I and IV are dismissed. Counts II and III remain. It is so ordered.

Dated: 04/29/2021

_____
Charles P. Kocoras
United States District Judge